# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL ROTHERMEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07CV01496 ERW |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of the United States to dismiss the complaint for failure to state a claim upon which relief can be granted. The motion will be granted.

On July 30, 2007, Michael Philip Rothermel filed in the United States District Court, District of Arizona (Case No. 07-CV-01458-SMM) documents entitled Emergency Petition for Preliminary Injunction and petition for Quiet Title Action Counterclaim, Petition for Temporary Restraining Order, Emergency Petition for Preliminary Injunction and Petition for Quiet Title Action Counterclaim, and Plea to the Jurisdiction Counterclaim. He named the United States as the defendant in that action. On August 1, 2007, the court found that Rothermel failed to comply with the mandates of Fed. R. Civ. P. 65 and denied his request for temporary injunctive relief. The court also ordered that the case be transferred to this Court under 28 U.S.C. § 1406(a)

because Rothermel averred that the IRS had placed a "Notice of Lien" and "Notice of Seizure" on property situated in or near St. Louis, Missouri.

On August 23, 2007, Rothermel filed in the action transferred to this Court a document entitled First Amendment Petition for Writ of Mandamus in the Admiralty Jurisdiction. He named IRS employees Ann Taylor, Cindy Jameson, Randy Harper, Melody Roebuck, Victoria Klaas, Rithia Hazley-Brown, Rodney Rasmussen, and Darren John Guillot as defendants. The amended petition requests this Court to issue a writ of mandamus.

On August 27, 2007, Rothermel filed pleadings entitled "Notice of Error" and "Notice of Lis Pendens," in which he requested this Court to "index [this case] into the Admiralty Jurisdiction" of the Court. The Court deemed Rothermel's request as frivolous and denied it.

Rothermel's amended petition is really against the United States. Whether a suit is against the United States and not a federal officer who has been named in the action is determined by the effect of the judgment that may be entered. Louisiana v. McAdoo, 234 U.S. 627, 629 (1914). Where the result of the judgment would restrain or compel an officer's actions taken within his or her official powers, such a suit must be deemed as one against the United States. Id. at 632; Dugan v. Rank, 372 U.S. 609, 620 (1963).

Rothermel has named several IRS employees as defendants in this matter. The relief that he seeks—to compel the IRS employees to answer certain frivolous questions that he claims pertain to the IRS's authority to collect from him—would compel those employees to act within their official capacity. Consequently, Rothermel's action must be deemed against the United States solely.

The allegations in Rothermel's amended petition seek mandamus relief. Although the amended petition is, for the most part, incomprehensible, it does appear that Rothermel is requesting the Court to issue a writ of mandamus ordering certain Internal Revenue Service employees to respond to his frivolous statements. He alleges that the IRS has taken certain tax collection action against him. He claims that the mandamus relief will prevent further injury to him regarding his right to know the IRS's authority to collect from him.

Rothermel is not entitled to mandamus relief. The mandamus statute provides that "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The Eighth Circuit views mandamus as an "extraordinary remedy." Perkins v. General Motors Corp., 965 F.2d 597, 598-99 (8th Cir. 1992). Such relief may be invoked only when the plaintiff has established a clear and indisputable right to the relief sought, the court has a

nondiscretionary duty to honor that right, and the plaintiff has no other adequate remedy. Id. at 599.

Rothermel has not alleged any statutory right to have the named IRS employees respond to his frivolous statements. See Dvorak v. Hammond, 1994 WL 762194, at *2 (D. Minn. Dec. 5, 1994) (dismissing taxpayer's mandamus action for failure to allege facts that demonstrate illegal IRS conduct). Moreover, to the extent that Rothermel seeks such relief in an attempt to get a refund of tax that he claims was erroneously collected from him, he has an adequate remedy at law through a tax refund action. However, he must first exhaust his administrative remedies by paying the full amount of the tax at issue and filing an administrative claim for refund prior to bringing suit. Hansen v. United States, 248 F.3d 761, 763-765 (8th Cir. 2001).

Accordingly,

**IT IS HEREBY ORDERED** that the United States of America's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is **GRANTED**.

An Order of Dismissal shall accompany this Memorandum and Order.

So Ordered this 30th Day of October, 2007.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE